# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

IN THE MATTER OF  
THE EXTRADITION OF  
TIMOTHY SCOTT CEDARBLOOM

3:17-MC-00094-PK

CERTIFICATION AND  
COMMITTAL FOR EXTRADITION

Having held an extradition hearing on July 12, 2017, and after considering the evidence, in particular, the certified and authenticated documents submitted by the Government of Canada, and the pleadings and the arguments of both counsel, the Court finds and certifies to the Secretary of State as follows:

(1) This Court has jurisdiction over, and the undersigned is authorized to conduct, extradition proceedings pursuant to Title 18 U.S.C. § 3184;

(2) This Court has personal jurisdiction over Timothy Scott Cedarbloom ("Fugitive") found and arrested on March 2, 2017, in this District pursuant to a complaint filed by the United States in response to the request of Government of Canada for the arrest and extradition of the Fugitive;

(3) The extradition treaty between the United States and the Government of Canada, known as the Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, as amended by Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. Treaty Doc. No. 101-17 (1990), and Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. Treaty Doc. No. 107-11 (2002) (collectively the "Treaty"), entered into force on December 3, 1971, and was in full force and effect at all times relevant to this action;

(4) The Timothy Scott Cedarbloom sought by the Canadian authorities and the Timothy Scott Cedarbloom arrested in this District for extradition and brought before this Court are one and the same person;

(5) The Fugitive has been convicted and sentenced in Canada to three-and-one-half years of imprisonment for robbery, in violation of section 344 of the Criminal Code of Canada, including a remaining term of imprisonment of 636 days. The Government of Canada has jurisdiction over this criminal conduct;

(6) The above-referenced Treaty between the United States and Canada, pursuant to Article 2, encompasses the offense for which the Fugitive has been convicted and sentenced and for which extradition is sought for service of sentence;

(7) The Government of Canada submitted documents that were properly authenticated and certified in accordance with the terms of the Treaty. Those documents include the pertinent text for the crime for which the Fugitive has been convicted and sentenced;

(8) There is probable cause to believe that the Fugitive before this Court, the same person identified in the extradition request from the Government of Canada, committed the offense for which extradition is sought;

(9) The evidence before this Court is sufficient to justify the Fugitive's committal for trial, on felony charges, had the offense for which he is convicted of having committed occurred in the United States. This finding rests upon the documents submitted by the Government of Canada in this matter, including: (a) Diplomatic Note No. 2708 from the Canadian Embassy to the U.S. Department of State dated October 26, 2015, seeking the extradition of the Fugitive and enclosing records supporting the request; (b) Diplomatic Note No. 3560 from the Canadian Embassy to the U.S. Department of State dated August 26, 2016, enclosing additional records

supporting the extradition request; (c) Diplomatic Note No. 3412 from the Canadian Embassy to the U.S. Department of State dated June 28, 2016 enclosing additional records supporting the extradition request; (d) the first affidavit of Lisa Manson-Shillington, dated October 15, 2015; (e) the first affidavit of Vanessa Wynn-Williams, dated October 20, 2015; (f) the affidavit of Michelle Cloutier-Hunt, dated June 27, 2016; (g) the second affidavit of Vanessa Wynn-Williams, dated August 24, 2016; (h) the second affidavit of Lisa Manson-Shillington, dated June 14, 2017; and (i) all the exhibits attached to those Diplomatic Notes and affidavits, including: (1) the transcript from the November 27, 1998 hearing in Halifax, Nova Scotia, Canada, in which the Fugitive pled guilty and was sentenced for robbery in violation of Canadian law, (2) photographs of the Fugitive.

(10) Fugitive argues that while the Extradition Treaty was ratified by the United States, it was never ratified by the Parliament of Canada, or by any parliamentary committee, or even Privy Council. On that basis, Fugitive argues that Canada's request to extradite Fugitive should be denied. I find that whether the Government of Canada properly ratified the Treaty is a nonjusticiable political question solely within the purview of the U.S. Executive Branch. Furthermore, I defer to the view of the U. S. Department of State that the Treaty is "in full force and effect."

(11) Fugitive further argues that dual criminality is lacking because the most analogous offense under United States law is bank robbery which requires the Government to prove that the victim bank was insured by the FDDIC. The Treaty, however, expressly provides that any interstate element of a United States statute cannot defeat extradition. Fugitive's argument is without merit.

(12) Fugitive next argues that since conviction here was not obtained following trial, but by a guilty plea, that the conviction does not support probable cause. I can find no authority for the proposition that a conviction arising from a guilty plea is not entitled to the same weight in an extradition case as a conviction following trial. Even without reliance on the conviction, I find ample evidence supporting probable cause in the facts set forth in the extradition request submitted by Canada including the transcript of the hearing held on November 21, 1998, wherein fugitive admitted robbing the bank.

(13) Finally, Fugitive argues that certain of the Treaty provisions bar extradition in this case. Based on undue delay, Fugitive argues that extradition violates Article 8 of the Treaty and the 5th Amendment to the U. S. constitution. I find that Fugitive has no right to speedy extradition either under the Treaty or the U. S. Constitution. I defer consideration of Fugitive's argument regarding due diligence for consideration by the Secretary of State. Additionally, Fugitive argues that extradition is barred by Article 4 of the Treaty based on his five days of detention. I find that the United States has never proceeded against Fugitive for the 1998 robbery and that his brief detention was based solely on Canada's request for extradition. Extradition is, thus, not barred by the provisions of Article 4 of the Treaty.

THEREFORE, pursuant to 18 U.S.C. § 3184, and the above findings of facts and conclusions of law, I certify the extradition of the Fugitive, Timothy Scott Cedarbloom, to Canada, on all offenses for which extradition was requested, and I continue the previous order of release on the same conditions[1] as previously entered, pending further decision on extradition and surrender by the Secretary of State pursuant to 18 U.S.C. § 3186.

I further order that the Department of Justice forward a certified copy of this Certification and Committal for Extradition, together with a copy of the evidence presented in this case, including the formal extradition documents received in evidence and any testimony received in this case, to the Secretary of State.

Dated this 7th day of August, 2017.

_____
HONORABLE PAUL PAPAK
United States Magistrate Judge

---

[1] I find that Fugitive is not a flight risk and that special circumstances exist that support Fugitive's continued release and that the " special circumstances" test applies in this post-certification context. Fugitive's Motion to Continue Release (#19) is granted and the Government's Motion for Detention (#20) is denied.